## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| DANIEL ANDREW SPOTTSVILLE | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 4:04-CV-154 (CDL) |
| | * | 28 U.S.C. § 2254 |
| WILLIAM TERRY, Warden | * | |
| | * | Habeas Corpus |
| Respondent. | * | |
| | * | |

## RECOMMENDATION OF DISMISSAL

Petitioner was convicted in Muscogee County on December 9, 1998, of the offenses of two counts of child molestation and aggravated assault. Petitioner was acquitted of rape and burglary, and his reckless driving and attempting to elude charges were placed on the dead docket. Petitioner was sentenced to a total of forty years, with thirty to be served in confinement and ten to be served thereafter on probation, to run concurrently with the sentence handed down in Petitioner's other criminal case. In that companion case, Petitioner had been previously convicted in the Marion County Superior Court on May 13, 1998, of aggravated assault on a police officer, a felony count of fleeing/attempting to elude, a misdemeanor count of fleeing/attempting to elude and possession of a firearm during the commission of a crime.

As to the Muscogee County convictions, which are currently at issue, Petitioner filed a Motion for New Trial on January 8, 1999. On January 25, 2000, while awaiting the court's decision on his motion, Petitioner filed a federal habeas petition with this court, which was

ultimately dismissed as Petitioner had failed to exhaust his state remedies.[1]  Petitioner's Motion for New Trial was thereafter denied on May 6, 2002.  Petitioner then filed a direct appeal of his conviction with the Georgia Court of Appeals on June 6, 2002.  The state Court of Appeals affirmed Petitioner's conviction in an unpublished opinion dated February 4, 2003.  Petitioner did not seek certiorari to the Georgia Supreme Court.  Almost seven months later, on August 29, 2003, Petitioner filed a state habeas corpus petition.  Subsequent to a hearing, his state habeas application was denied on February 5, 2004.  Petitioner thereupon on filed an application for certificate of probable cause to appeal with the Georgia Supreme Court which was denied on September 15, 2004.  Petitioner's current § 2254 application was filed in this court on December 8, 2004.[2]

## DISCUSSION

Petitioner's current Application for federal Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts.  After preliminary examination, it appears that the Application under 28 U.S.C. § 2254 is untimely and is subject to summary dismissal.

---

[1] Petitioner simultaneously filed a federal habeas petition as to his Marion County Convictions, case no. 4:00-CV-28. That petition was also dismissed for failure to exhaust his state remedies

[2] Petitioner has also filed two 42 U.S.C. § 1983 lawsuits and four previous 28 U.S.C. § 2254 petitions based on these convictions.  Each has been dismissed.

Title 28, U.S.C. § 2244(d)(1), applicable to § 2254 applications, provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review.

In calculating the one-year statute of limitations for filing a § 2254 petition, a state prisoner's conviction does not become final until the expiration of the 90 days in which the prisoner *could have petitioned* the United States Supreme Court for *certiorari* on direct appeal. *Bond v. Moore,* 309 F.3d, 770, 773 (11th Cir. 2002). However, Georgia Supreme Court Rule 38(1) provides a period of ten (10) days after judgment in the Court of Appeals within which to file an application for *writ of certiorari.* [This applies to direct appeal of the state conviction, not appeal of denial of state habeas relief, which by State statute goes to State Supreme Court, and should be allowed before AEDPA statute of limitations time starts running. Of course, if the application is made, then the time does not start until the State Supreme Court rules.] For purposes of calculating the one year limitation period then, when a Petitioner fails to file for a writ of certiorari to the Georgia Supreme Court following the Court of Appeals' decision, he is given credit for the ten days in which he could have so filed and his limitations period begins to run.

In *Kaufmann v. United States,* 282 F.3d 1336, (11th Cir. 2002), *cert. denied,* 123 S.Ct. 286 (2002), the 11th Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from

the "date on which the judgment becomes *final.*"  The *Kaufmann* Court stated, "We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708 (1987).  In *Griffith,* the Court stated: 'By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.' *Id.* at 321 n.6, 107 S.Ct. 708.

In the current case, Petitioner chose not to file for a writ of certiorari to the Georgia Supreme Court following the Court of Appeals' holding.  His conviction, therefore, became final for the purposes of the AEDPA limitations period ten days after his conviction was affirmed by the state appellate court on February 4, 2003.  His one year limitations period began to run, then, on February 14, 2003.

Petitioner thereafter filed his state habeas claim on August 29, 2003, allowing six months and fifteen days, or a total of 196 days, of his one year limitations period to run, leaving him a total of 169 days, in which he could properly file a federal habeas application. The filing of his state habeas claim tolled the limitations period until February 5, 2004, when the Tatnall County Superior Court denied his state habeas petition.

Petitioner then filed his motion for certificate of probable cause to appeal with the Georgia Supreme Court on March 17, 2004, but that motion was denied as being untimely. Petitioner had 30 days from the Tatnall Superior Court's ruling on February 5, 2004, to

4

timely file application for certificate of probable cause to appeal from the Georgia Supreme Court.  OCGA 9-14-52.

The AEDPA one year limitations period, provides: "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  The United States Supreme Court, held that "... an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added).  The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).  Based on the foregoing, then the Petitioner Spottsville did not "properly file" his application for certificate of probable cause to appeal, and therefore, the limitations period was not tolled.  Hence, Petitioner's limitations period resumed running after March 7, 2004, and expired on August 23, 2004, when the untolled periods of his case exceeded one year.[3]

---

[3] In *Justice v. United States,* 6 F. 3d 1474 (1993), the Eleventh Circuit Court of Appeals held that " when time bar is suspended because of equitable tolling and begins to run upon happening of subsequent events, the time remaining is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *Justice,* at 1478.

Petitioner did not file his current petition until December 8, 2004, 108 days after his period of limitations expired.

After reviewing the time period at issue, it is apparent that Petitioner's application is untimely as he filed his habeas claim months after his limitations period had run. Petitioner Spottsville's application must be concluded to be barred by the AEDPA statute of limitations. Petitioner's Motion for Discovery, Motion for Appointment of Counsel and Motion for Extension of Time are therefore moot and need not be further addressed.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 28th day of February, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe